IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DOMIANO RATCLIFF**                                                    **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO: 5:12-CV-120-MTP**

**RAYMOND BYRD**                                                     **DEFENDANT**

OPINION AND ORDER

THIS MATTER comes before the court on a Motion for Summary Judgment [43] filed by Defendant Raymond Byrd. Having considered the submissions of the parties and the applicable law, the court finds that Defendant's motion [43] should be granted and that this matter should be dismissed with prejudice.

BACKGROUND

Domiano Racliff is currently incarcerated at the South Mississippi Correctional Institute ("SMCI") in Leakesville, Mississippi. This lawsuit arises from events that took place in 2012, while Ratcliff was a post-conviction inmate at Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. WCCF operates under the authority of the Mississippi Department of Corrections ("MDOC"). On August 27, 2012, Ratcliff filed a complaint pursuant to 42 U.S.C. § 1983.[1] His claims and requested relief were clarified and amended through his sworn testimony at a *Spears* hearing on December 5, 2013.[2]

Ratcliff alleges that on April 11, 2012, he was being transported to the yard at WCCF. He

---

[1]Complaint [1]. Ratcliff claims the complaint on file is not, in fact, his complaint. *See* discussion *infra*.

[2]Omnibus Order [38].

alleges that another inmate broke out of a holding cell and stole the keys from a prison guard, and then let out two other inmates, all of whom were part of a security threat group due to their violent behavior. At this time, Ratcliff alleges he was being held in a one-man "cage" in the yard. He claims that six to eight guards were present at the time, but that the guards ran away once they realized inmates were no longer restrained. Ratcliff alleges that before the guards ran away, the three inmates were yelling his name and looking for him. Once the inmates found Ratcliff, he claims they attempted to break into the cage, stabbing his arm in the process. Ratcliff claims the inmates punched him during the struggle to open the cage door, but that he was not stabbed again. He alleges that he was then taken to a prison medical unit where his wound was bandaged and he given pain medication.[3]

This verison of events, given at Ratcliff's *Spears* hearing, differs significantly from those described in the complaint. The complaint indicates that Ratcliff was stabbed in the chest nineteen times, fell unconscious and awoke in a hospital.[4] When asked about these discrepancies at his *Spears* hearing, Ratcliff claimed that he did not write the facts contained in the complaint, and the signature on the complaint did not belong to him.[5] Furthermore, Ratcliff alleged that the handwriting in the complaint was not his.[6] Defendant filed a Motion for Summary Judgment on March 17, 2014, claiming that Racliff's claim should be dismissed due to violations of Fed. R. Civ. Pro. 11, failure

---

[3] Omnibus Order [38] at 2.

[4] Complaint [1] at 4-5.

[5] Transcript [41] at 32-35.

[6] *Id.*

2

to exhaust administrative remedies,[7] and the Defendant's qualified immunity.[8]

## STANDARD

Federal Rule of Civil Procedure 56(a) provides summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. If a party fails to properly support an assertion of facts or fails to properly address another party's assertion of fact as required, the court may grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the moving party is entitled to it. FED. R. CIV. PRO. 56(e). The court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The existence of an issue of material fact is a question of law that the court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

## ANALYSIS

<u>Rule 11 and Summary Judgment</u>

Defendant argues that Ratcliff's claim should be dismissed because (1) he admits to not signing the complaint and (2) he admits that the allegations in the complaint are false in regard to

---

[7] Defendant argues that Ratcliff has failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997(e). Although it appears that Ratcliff has indeed failed to exhaust administrative remedies, it is unnecessary to examine this issue as Ratcliff's claims fail on the merits. *See* discussion *supra*.

[8] Motion [42].

the severity of the attack and his subsequent medical treatment.[9] Defendant argues that based on these "blatant misrepresentations," dismissal is warranted under Fed. R. Civ. Pro. 11.

Rule 11 provides that every pleading, written motion, and other paper must be signed by an attorney of record or by the party personally if he is unrepresented. FED. R. CIV. PRO. 11(a). It further provides that by presenting the court with a pleading or written motion, the attorney or unrepresented party certifies that to the best of his knowledge and belief, the facts stated therein have evidentiary support or will have evidentiary support. *Id.* at 11(b)(3). If the court finds that Rule 11(b) has been violated, it may impose an appropriate sanction. *Id.* at 11(c)(1); *see also, e.g., United States v. Int'l Bd. of Teamsters,* 948 F.2d 1338, 1344 (2d Cir.1991). The court has broad discretion in the choice of sanctions. *See Cooter & Gell,* 496 U.S. 384, 400 (quoting Fed. R. Civ. Pro. 11 advisory committee's note).

The court finds that Rule 11 sanctions are not proper in this case. First, Rule 11 condemns, among other things, the failure of a party to sign any paper submitted to the court and the failure to make factual contentions supported by an evidentiary basis. In this case, Ratcliff denies that the complaint filed is his actual complaint – he claims that the allegations made therein are not his allegations, and moreover, that the handwriting and signature in the complaint do not belong to him.[10] Thus, the situation at hand differs significantly from those that traditionally fall under Rule 11. Second, whatever flaws might lie in Ratcliff's original complaint, if it was indeed authored and signed by him, allegations made at *Spears* hearings supersede the allegations of the complaint. *Flores v. Livingston*, 405 Fed. App'x 931, 931-32 (5th Cir. 2010) (citing *Riley v. Collins*, 828 F.2d

---

[9]Memorandum in Support of Motion [43] at 4.

[10]Transcript [41] at 32-35.

306, 207 (5th Cir. 1987).[11]

The court must view the facts in the "light most favorable to the plaintiff." *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986). The handwriting in the complaint on record versus handwriting in other documents filed by Ratcliff appear inconsistent upon comparison, and Ratcliff has sworn under oath that the complaint was not his.[12] In the view most generous to the Plaintiff, the court will not foreclose the possibility that the complaint on record was not filed by Ratcliff. Thus, Defendant's Motion for Summary Judgment to dismiss Ratcliff's complaint on the basis of Rule 11 should be denied.[13]

Respondeat Superior/Plaintiff's Claims Against Defendant Byrd

Ratcliff alleges Defendant Byrd failed to protect him from an attack by other inmates by failing to ensure that a sufficient number of trained prison guards were in the yard.[14] Defendant argues that Ratcliff's claim must fail as a matter of law because it rests solely upon the theory of *respondeat superior*, and because Defendant is protected by qualified immunity.[15]

---

[11]The Defendant should take care to note that per Rule 11, a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violated Rule 11(b). *Nelson v. Nationwide Mut. Ins. Co*, Civil Action No. 3:11-cv-223-DPJ-FKB, 2012 WL 393242 at *5 (S.D. Miss. Feb. 6, 2012) (citing *In re Platt*, 524 F.3d 580, 588 (5th Cir. 2008) ("Strict complaint with the procedures outlines in Rule 11 is mandatory.")).

[12]*Compare* Complaint [1] *with* Response to Order to Show Cause [7], Motion to Show Cause [23] and Notice of a Civil Action to a Magistrate Judge [39].

[13]Sanctions under Rule 11 are to be only severe enough as to deter the conduct prohibited by the Rule. Dismissal of a claim is the most severe sanction, as the consequence goes beyond monetary penalties and results in the total loss of a defense or cause of action.

[14]Omnibus Order [38] at 2-3.

[15]Motion [43] at 6. Specifically, Defendant argues that he is protected in his "official capacity" because Section 1983 does not create *respondeat superior* liability, citing *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002), as authority. While Defendant is correct in his citation,

5

It is well established that Section 1983 does not create supervisory or *repondeat superior* liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Furthermore, the United States Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Fifth Circuit "has repeatedly held that objective reasonableness in a qualified immunity context is a question of law for the court to decide, not an issue of fact." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 256 (5th Cir. 2005); *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999); *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994). Courts evaluating Section 1983 claims should conduct a two-prong inquiry to determine whether defendants are entitled to qualified immunity. First, "whether a constitutional right would have been violated on the facts alleged," and second, "whether the right was clearly established. *McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 14, 200 (2001)).

Once the defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon*, 305 F.3d at 323. Because Defendant has raised the defense of qualified immunity in a motion for summary judgment, Plaintiff "can no longer

---

the Fifth Circuit in *Oliver* discussed *respondeat superior* liability in its analysis of individual as opposed to official liability. 276 F.3d at 742. Thus, it seems Defendant has confused sovereign immunity, which protects state officials in their official capacity, with qualified immunity, which protects state officials in their individual capacity. Because the main thrust of Defendant's argument relies on the basis of qualified immunity, the court will likewise examine Defendant's Motion through that lens. Furthermore, as Ratcliff is seeking money damages, any recovery would be barred by sovereign immunity if Defendant Byrd were sued in his official capacity. *See Am. Bank and Trust Co. v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself.")).

6

rest on the pleadings . . . and the court looks to the evidence before it (in the light most favorable to the plaintiff) when conducting the [qualified immunity analysis]." *Id.* (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)). Accordingly, this court must examine the summary judgment record and determine whether Ratcliff has provided sufficient evidence to raise of genuine issue of material fact suggesting that Defendant's conduct violated a clearly established constitutional right. *McClendon*, 305, F.3d at 323.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. *Hill v. Thomas*, 326 Fed. App'x 736, 737 (5th Cir. May 1, 2009 (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To prevail on a failure to protect claim, the Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "In order to act with deliberate indifference, 'the [defendants] must both be aware of the facts from which the inference could be drawn and that a substantial risk of serious harm exists, and he must also draw the inference.'" *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (quoting *Farmer*, 511 U.S. at 537).

Ratcliff has failed to establish that Defendant Byrd was aware of any problem concerning the number of prison guards on the yard, or any other dangerous condition, much less that he was deliberately indifferent to it. *Neals*, 59 F.3d at 533. Ratcliff may not "rest on the pleadings" at the summary judgment stage, and he has not carried his burden of showing that the defense of qualified immunity is inapplicable. *McClendon*, 305 F.3d at 323. Therefore, because Ratcliff has not established that Defendant was deliberately indifferent to a substantial risk to his safety, there has been no constitutional violation and Defendant is entitled to qualified immunity from this claim.

7

Accordingly, Ratcliff's claim should be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment [43] be granted and this action be dismissed with prejudice.

THIS, the 24nd day of September, 2014.

s/ Michael T. Parker
United States Magistrate Judge